· MILBURN *v.* MARLOW *et al.*

Where the defendant in an attachment suit files a delivery bond to the satisfaction of the sheriff, for live stock, he is entitled to the possession of such stock without first paying for the keeping of the same while under attachment.

### *Appeal from Jefferson District Court.*

*Opinion by* WILLIAMS, C. J.    This cause originated in the district court of Van Buren county and was removed to Jefferson county by a change of venue.    Nathaniel L. Milburn for the use of John D. Baker brought his suit against Benjamin P. Marlow, sheriff of Van Buren county, and his sureties, on his official bond, to recover damages for the non-performance of the condition thereof.    The breach complained of, will appear from the following statement: Andrew J. Davis had instituted his action by attachment in the district court of Van Buren county against Milburn.    The attachment was levied by Marlow, who is defendant here, as sheriff, on the property of Milburn—among other things, eleven working oxen.    The oxen after levy were taken by the sheriff and put to keeping under the care of one Stump.    After the taking of the oxen, and before the original suit had been prosecuted to judgment, Milburn availed himself of the provision of the statute, for the release of the property, by filing a delivery bond, with security.    The bond was accepted by Marlow, the sheriff, but he refused to release the oxen, and deliver them to Milburn, or Baker, to whom they had been transferred by Milburn until the expenses for the keeping, charged by Stump — being one hundred and fifty dollars — were paid by Milburn.

The defendants appeared and answered the petition of the plaintiff by pleading that the oxen attached were in the possession of Stump, ready to be delivered to him

whenever he would pay the one hundred and fifty dollars, then due, for the keeping. That he was not in default, officially, by refusing, under the circumstances, to release the oxen ; and therefore there was no liability on his official bond. He also set up, as a defense to the action, that Milburn had paid another person for the keeping of one yoke of oxen taken by him by virtue of the same writ of attachment. To this plea of the defendants, the counsel for the plaintiff demurred. The demurrer was overruled, and judgment entered thereon. The plaintiff having appealed to this court, assigns for error, this ruling of the district court.

The only question is, as to the sufficiency of the defendant's answer to the plaintiff's petition. Is it a valid, legal defense to the action ? We think it is not.

By the provision of the Code, § 1876, p. 268, "The defendant may, at any time before judgment, discharge the property attached, or any part thereof, by giving bonds with surety, to be approved by the sheriff, in a penalty at least double the value of the property sought to be released, conditioned that such property, or its *estimated* value, shall be delivered to the sheriff to satisfy any judgment which may be obtained against the defendant in that suit, within twenty days after the rendition thereof. This bond shall be filed with the clerk of the court." In compliance with the requirements of this section, the defendant, in the attachment proceeding, filed his bond, to which no objection was made by the sheriff. The bond having been approved and filed with the clerk it remained there, in the custody of the court, substituted by law for the property which had been attached, to secure any amount which might be recovered by the plaintiff against the defendant, by the judgment of the court, in the principal suit, to which the attachment was auxiliary. The fact of indebtedness, on part of the defendant, to the plaintiff, to any amount, remained unfixed until judgment would be rendered in the principal action. His liability even for any costs of the

Milburn *v.* Marlow.

suit could not be established until such judgment had been rendered against him.    He might be successful in defeating the entire action of the plaintiff.   The expense incurred by attaching and keeping the oxen, was legally incidental to the proceeding which had been adopted by the plaintiff against the defendant.   The defendant had no control of the matter.   He was compelled to submit to the legal acts of the sheriff in execution of the process.   Having taken the oxen, by virtue of the attachment, it was the duty of the sheriff to see that they were properly kept while in his custody.   A reasonable compensation for such keeping was allowable,  and became chargeable as a legitimate item in the bill of costs of the suit ; and as such to abide the judgment of the court therein.   A proper construction of the Code above cited, clearly sustains this position.   The only duty which it imposes upon the defendant in an attachment,  in order to repossess himself of his property when attached, is, that he shall file a bond with sureties with the clerk of the court, which had been approved by the sheriff, before judgment in the principal action.   There is no requirement that he shall pay for the care or keeping of the property while out of his possession, under the attachment.   That such expense must necessarily be incurred, in almost every instance, where property is taken by attachment, is obvious.   Nevertheless the legislature has not made this a condition upon which the property may be released.   We have frequently decided that the proceeding by attachment is in derogation of the common law, and cannot be enlarged or extended by implication as to the remedies.   Such is the doctrine of the court generally.   This is held to be correct in *Moore* v. *Hamilton*, 2 Gilman, 429 ; and such has been the adjudication of the courts generally.   We cannot therefore enlarge the requirements of the Code, by imposing upon the attachment defendant conditions not therein specified.

But this question has been settled by other courts by direct decision on the point.   In the case of *Starr* v. *Taylor*,

Milburn *v.* Marlow.

3.McLean, 544, the court decided that the sheriff, when he levied on live stock, became liable for its support at the expense of the defendant, but that this expense should be paid on sale of the stock. In the same case, reported in 3 McLean, 356, the court expressly says that the expense of keeping live stock is properly chargeable as costs of the suit. If the defendant in attachment had not released the property by filing his bond with sureties, the expense of supporting the oxen, in the event of a judgment being obtained against him, would, with the sum of money for which that judgment had been rendered, have been made as costs of the suit, by the sale of them. It was to answer to the judgment which might be rendered against defendant, that they were levied on by attachment. The bond, with sureties, for double the value of the property attached, was filed in compliance with the statute, to be answerable in satisfaction of the judgment, if obtained against him, for the debt and costs. If, however, the judgment of the court should be in his favor, then the plaintiff himself, at whose instance the costs had accrued, would be liable for them. In the absence of any statutory provision otherwise, this is the legitimate disposition of this question. Any other would work greater hardship on the attachment defendant than is warranted by the statute, by which only the proceeding is allowable. The sheriff was answerable for the proper and safe keeping of the oxen, and the person in whose keeping they were put is presumed to have taken them in charge subject to this construction of the law. To entitle him to a release and redelivery of the property, all that was required of the attachment defendant was to comply with the statute in filing the bond. This he did, and the oxen should have been returned to him without further condition or detention. The demurrer to defendant's answer should have been sustained.

Judgment reversed.

*J. C. Hall*, for appellant.

*G. G. Wright*, for appellee.